UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NOREEN CARDINALE,<br><br>    Plaintiff/Judgment Creditor,<br><br>v.<br><br>DANIEL R MILLER JR, PATRICE MILLER, his spouse, DANIEL R. MILLER, SR, KEITH CHARLES KNAPP, et al<br><br>    Defendants. | Case No. C-12-05076 RMW<br>Case No. C-12-05078 RMW<br><br>**ORDER GRANTING REMAND**<br><br>[Re Docket No. 15, 16, 20, 29] |

Plaintiff Noreen Cardinale moves for: (1) an order of the court remanding this action to the Superior Court for the County of Contra Costa, California; and (2) sanctions on defendant, Charles Knapp, including awards of fees and costs incurred as a result of the removal. Having considered the papers submitted by the parties and the arguments of the counsel, and for the reasons set forth below, this court grants Cardinale's motion to remand and denies her motion for sanctions.

## I.   BACKGROUND

On May 10, 2011, Cardinale obtained a money judgment against Knapp after a jury found the defendant guilty of a conspiracy to engage in fraudulent transfers. Pl.'s Br. 2, Dkt. No. 15.[1] In the post-judgment proceedings, Cardinale, as a judgment creditor, sought to attach Knapp's interest in the California Home Loans Plan ("Plan"). Pl.'s Br. 3. However, Knapp claims that the Plan is an ERISA qualified retirement plan and is therefore exempt from execution and attachment. Def.'s Br. 8, Dkt. No. 23. Cardinale disputes this assertion and alleges that Knapp is retroactively adding his son and daughter as participants of the Plan in order to shield its assets from execution by Cardinale. Pl.'s Br. 5.

Knapp filed a notice of removal in federal court on September 28, 2012, claiming that conflict preemption of the adverse state court claims and actions related to the Plan conferred federal court jurisdiction. Notice of Removal at ¶ 2, Dkt. No. 1. He claims that the state court's August 27, 2012 Order, which he received on August 30, forms the basis for the removal, *Id.* ¶¶ 17-20, and that in the order the state court ignored the fact that the Plan was an ERISA plan exempt from execution and attachment and still permitted a levy on it. *Id.* at ¶ 17.

Cardinale on the other hand, disputes that the Plan is an ERISA plan and claims that the removal is just a stalling tactic. *See* Mot. for Remand, Dkt. No. 15. She seeks a remand back to state court and sanctions. *Id*; Sanctions Motion, Dkt. No. 29.

## II.   ANALYSIS

In order to show that removal was proper, Knapp must show that complete preemption applies under ERISA, which he fails to do under both prongs of the test articulated by the

---

[1] Unless otherwise indicated, docket entries in this order refer to C-12-05078-RMW.

1    Supreme Court.  Furthermore, even if his claimed basis for removal had been proper, his removal
2    was untimely because the claimed basis existed long before he filed his notice of removal.

3    **A.     Removal Based on Preemption of ERISA**

4      Under 28 U.S.C. § 1441(a), an action may be removed to the federal district court
5    "embracing the place where such action is pending" when "the district courts of the United States
6    have original jurisdiction."  "A defendant seeking removal has the burden to establish that
7    removal is proper and any doubt is resolved against removability."  *Luther v. Countrywide Home*
8    *Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citation omitted); *see also Moore-*
9    *Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the
10   right of removal requires resolution in favor of remand.").

11     ERISA contains two separate provisions relevant to the preemption analysis: ERISA §
12   514(a), which expressly preempts state laws that "relate to" employment benefit plans, and §
13   502(a), which provides exclusive remedies to recover benefits that are due or to enforce or clarify
14   rights under an ERISA plan, thereby impliedly preempting state law remedies.  *See* 29 U.S.C. §§
15   1144(a), 1132(a).  The jurisdictional impact of these two sections is quite different.

16     "The general rule is that a defense of federal preemption of a state-law claim, even
17   conflict preemption under § 514(a) of ERISA, is an insufficient basis for original federal question
18   jurisdiction under § 1331(a) and removal jurisdiction under § 1441(a)."  *Marin Gen. Hosp. v.*
19   *Modesto & Empire Traction Co.*, 581 F3d 941, 945 (9th Cir. 2009).  Potential defenses, even
20   when anticipated in the complaint, are not relevant under the well-pleaded complaint rule in
21   determining whether a case is removable.  *See Franchise Tax Bd. of Cal. v. Constr. Laborers*
22   *Vacation Trust for S. Cal.,* 463 U.S. 1, 10-12 (1983).  Defensive preemption under ERISA §
23   514(a) has no impact on federal or state court jurisdiction.  *See Toumajian v. Frailey,* 135 F.3d
24   648, 655 (9th Cir.1998).  The only result is that federal law applies and state law claims are
25   subject to dismissal.  *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F3d at 951.

26     But state law claims seeking relief available under ERISA § 502(a) are "completely
27   preempt[ed]" because § 502(a) provides the exclusive remedy for loss or denial of ERISA
28

ORDER GRANTING REMAND
CASE NO. C-12-05076 RMW / C-12-05078 RMW
SG
- 3 -

benefits. *See Metropolitan Life Ins. Co. v. Taylor*, 481 US 58, 63–64, 107 S.Ct. 1542, 1546 (1987). Complete preemption under § 502(a) has significant jurisdictional impact. It converts "an ordinary state common law complaint into one stating a federal claim" notwithstanding the absence of a federal cause of action in the complaint. *See id.* at 65-66. Such claims filed in state court are subject to removal to federal court as claims "arising under" federal law. *Id.* at 63-64.

### 1.     The ERISA Preemption Claims

Although the parties dispute whether the Plan actually qualifies as an ERISA plan, before the court can reach that issue, it must first determine, assuming the plan is an ERISA plan, whether it has jurisdiction. For reasons explained below, the court believes that removal was improper.

Because conflict preemption under § 514(a) of ERISA does not confer federal jurisdiction, the action may only be removed if the defendant shows that the state-law causes of action are either completely preempted by § 502(a) of ERISA, or that some other basis exists for federal question jurisdiction. Knapp claims jurisdiction based solely on ERISA, and thus the only relevant inquiry is whether plaintiff's state law causes of action are completely preempted by § 502(a).

In order to determine whether an asserted state-law cause of action comes within the scope of § 502(a)(1)(B), the Supreme Court has formulated a two-prong test. *See Aetna Health Inc. v. Davila,* 542 U.S. 200, 210 (2004); *Marin Gen. Hosp.*, 581 F3d at 946. A state-law cause of action is completely preempted if (1) "an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210. As explained below, the court finds that Knapp fails to meet either prong of the *Davila* and thus removal was improper.

(a)     The First Prong of the *Davila* Test is not met because Cardinale could not have brought her claims under ERISA

Under ERISA § 502(a)(1)(13), a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

Hence, the first question the court must address is whether Cardinale could have brought her claims under ERISA § 502(a)(1)(13). The court finds that she could not have because she is neither a "beneficiary" nor a "participant" of the plan and she is not bringing a claim under the plan.

(i)     Beneficiaries or participants

First, Knapp argues that Cardinale is a beneficiary or participant of the Plan because she has "stepped into [his] shoes." It is true that the Ninth Circuit has held that a health care provider-assignee can stand in the shoes of the beneficiary, such that a provider has standing to sue under § 502(a)(1)(B) to recover benefits due under the plan. *Misic v. Building Serv. Employees Health & Welfare Trust,* 789 F.2d 1374 (9th Cir.1986). But *Misic* is a narrow holding that applies only to health care providers who have been *assigned* a beneficiary's rights under an ERISA health care plan because health care benefits, unlike pension benefits, can be assigned. *See Blue Cross of California v. Anesthesia Care Assocs. Med. Group, Inc.,* 187 F.3d 1045, 1051 (9th Cir.1999) (citing ERISA § 206(d), 29 U.S.C. § 1056(d) (pension benefits cannot be assigned)). In *Blue Cross*, the Ninth Circuit held that a health insurance providers' claims were not claims for benefits subject to preemption under ERISA even when the beneficiaries had assigned their rights where the basis of the claims was a separate contractual agreement. *Id.* at 1051-52.

Knapp's reliance on *IRS v. Snyder*, 343 F.3d 1171 (9th Cir. 2003) and *City of Torrance v. Castner*, 46 Cal. App. 3d 76, is misplaced. Def.'s Br. 6, 14. In *Snyder*, the Ninth Circuit held that a debtor's interest in an ERISA-qualified pension plan was not property of the bankruptcy estate and, thus, it could not be used to secure the IRS's claim for delinquent taxes. *IRS v. Snyder*, 343 F.3d 1171 (9th Cir. 2003). By noting that IRS "stepp[ed] into the shoes of the taxpayer" the court was merely explaining that IRS could not enjoy greater rights than the taxpayer himself enjoyed, that is, IRS could not enforce its liens on taxpayer's interest in the ERISA plan "until the plan enter[ed] pay-out status." *Id.* at 1175. Similarly, *City of Torrance* was not about ERISA plans at all. 46 Cal. App. 3d at 80. And in it, the court held that a judgment creditor stands in the shoes of the debtor only to the extent that the creditor is limited to only an "interest in the property which

the judgment debtor actually possesses." *Id.* The issue of complete preemption under § 502(a)(1)(13) was not before either court, and they never suggested that a creditor stepped into the shoes of a debtor as a "participant" or "beneficiary" of the Plan. Therefore, the cases are inapplicable to the facts here.

In a case similar to this one, a judgment creditor brought an action against a pension fund seeking garnishment of the debtor's pension benefits. *Nat'l Bank of North America v. Local 553 Pension Fund of Int'l Bhd. of Teamsters and Chauffers*, 463 F. Supp. 636 (E.D.N.Y. 1978). The court of the Eastern District of New York found that ERISA did not preempt the creditor's claim. *Id.* The court rejected the "stands in the shoes" argument, finding that the "pension benefits [were] subject to levy and attachment" notwithstanding ERISA's anti-alienation provisions. *Id.* at 638, 640.

Here, as Cardinale rightly argues, Knapp has not assigned his interest in the Plan to Cardinale and thus she does not stand in his shoes as a beneficiary. On the contrary, he contests her attempt to attach that interest by execution and is statutorily barred from being able to assign ERISA pension benefits. Pl.'s Reply 5, Dkt. No. 26; ERISA § 206(d). Therefore, Cardinale cannot sue Knapp in her capacity as the assignee of an ERISA plan participant or beneficiary under § 502(a)(1)(B). *Id.* Rather, her claims are based on a monetary judgment from the state court arising out of separate causes of action. Pl.'s Br. 3.

(ii) Claims under the plan

Second, Knapp argues that Cardinale's is making claims under the plan. However, Cardinale's claims arise independently. The Ninth Circuit's decision is *Marin General,* is instructive. 581 F.3d 941. In that case, before providing medical services to a prospective patient, Marin General Hospital received oral verification from the medical benefits administrators to confirm that the patient had health insurance through an ERISA plan provided by his employer. *Id.* at 943. When the medical benefits administrators refused to make the agreed payments, the hospital sued for breach of contract. *Id.* at 944. The defendants removed the suit to federal district court on the ground that the hospital's claims were completely

preempted under ERISA § 502(a). *Id.* The district court concluded that ERISA completely preempted the hospital's claims, but the Ninth Circuit reversed. *Id.* at 943, 944. Applying the first prong of *Davila*, the court concluded that the hospital could not have brought its state-law claims under § 502(a)(1)(B). *Id.* at 947. The court noted that the hospital had not contended that it was owed the amount under the patient's ERISA Plan. *Id.* Instead, the hospital's claims were based on a separate cause of action involving alleged breach of oral contract. *Id.* As in *Marin General*, Cardinale is asserting her claims arising out of a distinct state court judgment rather than claiming payments conditioned upon the satisfaction of the terms of the Plan.

For these reasons, the court finds that Cardinale's claims against the Plan could not have been brought under ERISA § 502(a)(1)(B) and therefore Knapp fails to meet the first prong of the *Davila* test. In order for removal to be proper, Knapp must meet both prongs of the *Davila* test and therefore his failure here means that Cardinale's claims are not completely preempted and the case should be remanded. Nevertheless, in the interest of completeness, the court will discuss the second prong of the *Davila* test below.

> (b) The Second Prong of the *Davila* test is not met because Cardinale's claim arises out of independent legal duties

The second prong of *Davila* 's § 502(a) complete preemption test requires the court to determine whether the state-law claims "arise independently of ERISA or the plan terms." *Davila,* 542 U.S. at 212. In other words, we must ask whether or not an "independent legal duty . . . is implicated by [the] defendant's actions." *Id.* at 210. ERISA preempts state-law causes of action that merely duplicate rights and remedies available under ERISA. *See id.* at 214.

Knapp fails on this prong as well, and *Marin General* is once again instructive. 581 F.3d 941. In that case, the hospital sought recovery from an insurance company contending that an oral contract was formed during a phone call made to confirm the patient's health insurance coverage. *Id.* at 943. The court reasoned that since the "state-law claims asserted in this case are in no way based on an obligation under an ERISA plan, and since they would exist whether or not an ERISA plan existed, they are based on 'other independent legal duties.'" *Id.* at 950. Similarly, in the instant case, Cardinale's claim is not based on an obligation under the Plan and would exist

whether or not the Plan existed. Because Cardinale's claim is based on other independent legal duties, the second prong of the *Davila* test is not met.

      (c)  Removal was improper

Because neither prong of the Davila test was met, Cardinale's state law claims are not completely preempted, and consequently there is no federal question jurisdiction. See *Marin General*, 581 F.3d at 943. Because this court lacks subject-matter jurisdiction, the removal was improper and the case must be remanded. The court does not reach the dispute between the parties as to whether the Plan is a qualified ERISA Plan and if § 514(a) applies. Those issues are left to the discretion of the state court.

**B.  Timeliness of Defendants' Removal Notice**

A defendant must normally seek removal within 30 days of the initial pleading, or, if the initial pleading does not establish a basis for removal, within 30 days of receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). A defendant loses its opportunity to remove a case when it fails to file the petition for removal within 30 days of being put on notice that the case is removable. *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989). A party is on notice when it receives "'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (quoting § 1446(b)). As explained above, an ERISA action is under the exclusive jurisdiction of the federal courts if the claim is (1) brought by a participant or beneficiary (2) to recover benefits due to him under the terms of the plan or enforce his rights under the plan. ERISA § 502(a). A removed ERISA claim must, nevertheless, be remanded if the removal is filed more than 30 days after notice. *See Johnson v. Trans World Airlines, Inc.*, 660 F. Supp. 914, 917 (C.D. Cal. 1987). Therefore, the timeliness inquiry must examine when Knapp received a document from which he could ascertain that the two elements necessary to bring an § 502(a) ERISA claim existed.

ORDER GRANTING REMAND
CASE NO. C-12-05076 RMW / C-12-05078 RMW
SG

- 8 -

Although Knapp did not have an alleged basis for removal, as explained above, the court finds that the facts Knapp relies on, which form the only possible basis for removal, existed far before Knapp filed for removal and have not materially changed. Therefore, regardless of whether there was an adequate basis for removal, Knapp's September 28, 2012 Notice of Removal based upon the facts supporting his alleged basis was not timely.

In Knapp's notice of removal, he claimed that the state court's August 27, 2012 Notice of Decision declining to find the alleged ERISA account exempt from judgment was the basis for removal. Notice of Removal, Dkt. No. 1; Decision, Ex. 6 to Notice of Removal, Dkt. No. 1-6. However, the court's order did not change anything about Cardinale's underlying claim or the facts. *See* Decision. Cardinale is trying collect from an account that Knapp claims is exempt under ERISA and Knapp has claimed that his account was exempt under ERISA since as early as July 11, 2011. Claim of Exemption, Ex. 3 to Decl. of Caron, Dkt. No. 15-2. Whatever paper motivated Knapp to file the claim of exemption was probably sufficient to put him on notice. At minimum, however, the state court's May 8, 2012 Order enjoining Knapp from receiving any payouts from the Plan pending its determination of ERISA exemption allowed him to ascertain the facts, which he claims are sufficient for removal. Therefore, Knapp's 30-day window to file for removal began May 8, 2012, at the latest. Because more than 30 days had passed by Knapp's September 28, 2012 Notice of Removal, the notice is untimely.

### III.   SANCTIONS AND OTHER MOTIONS

Cardinale has requested sanctions and Knapp has filed a couple administrative motions, which the court addresses below.

**A.   Sanctions**

Cardinale requests that the court sanction Knapp under Rule 11 for failing to file an opposition to her motion to remand and for using the removal to stall the state court action. Although Cardinale may be frustrated with what she perceives as stalling by Knapp, moving for sanctions for failure to file an opposition when Cardinale had acquiesced to Knapp's motion for an extension of time although it had not yet been filed is nearly sanctionable in itself.

On the other hand, the purpose of Knapp's entire removal appears to have been to impermissibly avoid adverse rulings in state court. When a party files a document with the court, it is representing that it is not being used for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. Proc. 11. As explained in its analysis above, the court did not find that Knapp had a legal basis for filing for removal. However, ERISA preemption is difficult and Knapp at least subjectively believed he had a colorable basis for his attempt to remove.

**B.   Other Motions**

Knapp filed a couple administrative motions, which are denied as moot. First, he filed a motion for an extension of time with respect to the remand motion, which Cardinale did not oppose. Dkt. Nos. 15, 16. Although parties later disputed whether Knapp's opposition was timely, the court considered his opposition and considers it timely.

Knapp also filed a motion for leave to file a reply, Dkt. No. 20, after Cardinale filed her first reply and prior to Knapp filing his opposition to the motion to remand. As the court considered Knapp's opposition, which addressed Cardinale's first reply, and considers it timely, the motion is moot.

### IV.   ORDER

For the foregoing reasons, the court ORDERS as follows:

1. Plaintiff's Motion for Remand to the Superior Court for the County of Contra Costa is GRANTED.

2. Plaintiff's Motion for Rule 11 Sanctions is DENIED.

3. A case management conference for the related case, 12-05076, is set for March 15, 2013. The parties will file a brief by March 1, 2013, on the procedure that the court should follow with respect to the case in light of the remand. The court would prefer the parties file a single brief jointly, but if they cannot agree, each party will independently file a brief of no more than 7 pages.

ORDER GRANTING REMAND
CASE NO. C-12-05076 RMW / C-12-05078 RMW        - 10 -
SG

1  Dated: February 15, 2013

*Ronald M. Whyte*
Ronald M. Whyte
United States District Court Judge