UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEITH CHARLES KNAPP, as Trustee of the California Home Loans Profit Sharing Plan; TRUST FOR THE CALIFORNIA HOME LOANS PROFIT SHARING PLAN, as a fiduciary of the California Home Loans Profit Sharing Plan; THERESE A. LAVOIE, as a participant in the California Home Loans Profit Sharing Plan,<br><br>Plaintiffs,<br><br>v.<br><br>NOREEN CARDINALE, an individual,<br><br>Defendant. | Case No. C-12-05076-RMW<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND DENYING DEFENDANT'S MOTION TO DISMISS OR STAY**<br><br>[Re Docket No. 34, 38] |

Keith Charles Knapp, the trustee of the purported California Home Loans Profit Sharing Plan ("Plan"), and Therese Lavoie, a participant in the purported Plan, bring this lawsuit for "Injunctive and Other Appropriate Equitable Relief and Declaratory Relief" against Noreen Cardinale, a state judgment creditor of Keith Knapp and California Home Loans. Plaintiffs seek to prevent defendant Cardinale from satisfying any part of her judgment by executing on funds held by First Republic Bank because, according to plaintiffs, the funds are those of an ERISA plan whose assets are exempt from execution. Cardinale, on the other hand, contends that the funds belong to Knapp and California Home Loans and have been fraudulently transferred to an unqualified, invalid

purported ERISA employee pension benefit plan.  Presently before the court is Knapp's motion for a preliminary injunction to enjoin Cardinale from making any further attempts to satisfy her judgment from assets of the Plan.  Cardinale opposes the motion for a preliminary injunction and seeks to dismiss or stay the instant federal action because, among other reasons, the federal action is precluded and the federal court should abstain from interfering with Cardinale's state court post-judgment execution efforts.

## I.  BACKGROUND

On May 11, 2011, following a jury trial for fraudulent transfers, the Contra Costa County Superior Court entered judgment in favor of Cardinale and against Knapp and California Home Loans (of which Knapp is the sole owner) for compensatory damages of $2,170,593.  Caron Decl. Ex. 1, *Cardinale v. Miller*,[1] Dkt. 15-2.  The jury also assessed $300,000 in punitive damages against Knapp and $500,000 against California Home Loans.  *Id.*  Knapp appealed the judgment but no bond has been posted precluding collection pending the outcome on appeal.  On July 11, 2011, Cardinale served a notice of levy on First Republic Bank seeking to execute on $498,025.30 in an account in the name of California Home Loans Profit Sharing Plan.  *Id.* at Ex. 3.  On December 19, 2011, "Keith Charles Knapp aka K.C. Knapp aka K.C. Knapp trust" filed a claim of exemption on the basis that the account belonged to California Home Loans Profit Sharing Plan & Trust and were in an "approved ERISA account."  *Id.* at Ex. 4.  On December 22, 2011, Knapp, as trustee of the California Home Loans Profit Sharing Plan & Trust, filed a third party claim alleging that the funds belonged to the Plan.  Caron Decl. Ex. 11, Dkt. No. 38-4 at 50.  Thereafter, the state court held a hearing on the issue of "whether the First Republic Bank Levy should be overcome by a claim of exemption *as a matter of law*."  Notice of Removal Ex. 6, *Cardinale v. Miller*, Dkt. No. 1-6.  On August 27, 2012, a commissioner in the state court held that "the court declines to find as a matter of law that the First Republic Bank levy is comprised of exempt funds."  *Id.*

The Contra Costa Superior Court has apparently set an evidentiary hearing to determine whether the Plan is exempt under ERISA.  This court is unclear as to whether the hearing has been held.  In any event, by the action pending in this court, Knapp and Lavoie seek a preliminary

---

[1] All references to *Cardinale v. Miller* refer to the related case: No. C-12-05078-RMW.

ORDER RE MTD AND PI
Case No. C-12-05076-RMW
SW

- 2 -

injunction prohibiting Cardinale from making any further efforts to levy on the funds in the Plan and specifically the funds held by First Republic Bank on the basis that those funds are exempt from execution as funds governed by ERISA. Cardinale, on the other hand, moves to dismiss or stay this action on the basis that the federal court's interference in the state court proceedings would violate the Anti-Injunction Act, the Rooker-Feldman Doctrine and the Colorado River Doctrine.

## II. Analysis

### A. State Court's Power to Determine If a Purported Plan Is an ERISA Plan

Knapp, Lavoie, and the Plan contend that the Plan is a retirement plan formed and governed by ERISA and that the state court has no jurisdiction to determine whether the Plan is a legitimate and valid ERISA plan. Knapp previously attempted to remove the state fraud action to federal court on the basis that Cardinale's post-trial collection efforts raised a federal question that could only be resolved by the federal court. This court remanded that action finding that the action was not removable and, in any event, the notice of removal was not timely. Remand Order, *Cardinale v. Miller*, Dkt. No. 43. Knapp, Lavoie, and the Plan now seek an injunction in their federal action precluding the state court from ruling on whether the Plan is a valid ERISA plan entitled to an exemption from levy and thus barring Cardinale, as a judgment creditor, from taking any further action to execute on the First Republic account.

The threshold issue is whether state courts have jurisdiction to determine the ERISA status of a plan. The Eighth Circuit directly considered this question and determined that both state and federal courts have the power to determine ERISA status. *Int'l Ass'n of Entrepreneurs of Am. v. Angoff,* 58 F.3d 1266, 1269 (8th Cir. 1995). The court reasoned that because the law was silent on whether states have the power to decide ERISA status the default rule should apply: "[u]nless instructed otherwise by Congress, state and federal courts have equal power to decide federal questions." *Id.*

Although the Ninth Circuit has not addressed this specific issue, it has held that "state courts amply are able to determine whether a state statute or order is preempted by ERISA." *Delta Dental Plan of California, Inc. v. Mendoza*, 139 F.3d 1289, 1296-97 (9th Cir. 1998) *disapproved of on other grounds by Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001). Other courts that have

addressed this issue have found that both federal and state courts have jurisdiction to decide the status of an ERISA plan. *See Weiner v. Blue Cross & Blue Shield of Maryland, Inc.*, 925 F.2d 81, 83 (4th Cir. 1991); *Browning Corp. Int'l v. Lee*, 624 F. Supp. 555, 557 (N.D. Tex. 1986). Many courts have also assumed concurrent jurisdiction to decide ERISA plan status without specifically addressing the issue. *See, e.g., Marshall v. Bankers Life & Cas. Co.*, 2 Cal. 4th 1045, 1052-54 (1992).

At oral argument, Knapp argued that *Daniels-Hall v. National Education Association* establishes exclusive federal jurisdiction. 629 F.3d 992, 997 (9th Cir. 2010). This, however, overstates the court's decision. In *Daniels-Hall*, the court determined that the federal district court had subject matter jurisdiction, but it did not make any finding about whether or not state courts had concurrent jurisdiction. *Id*.

The court is satisfied that the Contra Costa Superior Court has the power to determine whether the Plan is an ERISA plan and whether the account levied upon contains funds exempt from execution by a creditor.[2]

**B. Request for Preliminary Injunction by Knapp as Trustee**

Knapp, as trustee of the California Home Loans Profit Sharing Plan, and Lavoie, as a participant of the Plan, seek a preliminary injunction and claim that they will likely suffer irreparable harm by virtue of Cardinale's challenge to the "financial soundness and integrity of their Plan." Pls.' Br. 22, Dkt. No. 34. To succeed on a motion for preliminary injunction, the plaintiff must establish (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[A] preliminary injunction is an extraordinary remedy never awarded as of right." *Id.* at 24 (citing *Munaf v. Geren*, 553 U.S. 674, 689-90). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985). Here, plaintiffs have not made such a showing.

---

[2] Although not specifically raised in the briefing, the state court can undoubtedly determine whether a transfer was a fraudulent transfer regardless of who received the transferred funds.

ORDER RE MTD AND PI
Case No. C-12-05076-RMW
SW

- 4 -

United States District Court
For the Northern District of California

First, the state commissioner's order of August 27, 2012, merely held that the exemption issue could not be determined as a matter of law, i.e. factual issues exist as to whether the funds in the First Republic account are exempt. Notice of Removal Ex. 6, *Cardinale v. Miller*, Dkt. No. 1-6. The state court is equipped to make that decision. California has procedures for execution on money judgments to protect third parties' interests. *See, e.g.*, Cal. Civ. Proc. § 708.180. If, after such a hearing, the state court finds that the First Republic account belongs to a legitimate ERISA plan, it will presumably not allow Cardinale to execute on the Pension and Profit Sharing funds. In that situation, Knapp would obviously not be harmed. On the other hand, if the state court determines that the plan is a sham or that funds were transferred to it in fraud of creditors, such as Cardinale, some, or all, of the funds could be obtained in partial satisfaction of the judgment in her favor.

Second, the only injury that the Plan might suffer is monetary and "purely monetary injuries are not normally considered irreparable." *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984). Although there may be a legitimate concern that Cardinale will dissipate the funds pending the outcome of the appeal by Knapp and California Home Loans of the state court judgment, plaintiffs have not made such a showing. Further, plaintiffs could post a bond preventing execution until after the appeal of Cardinale's judgment is concluded.

The court finds that Knapp and Lavoie are unlikely to suffer irremediable harm if the state court post-judgment execution procedures go forward. The court has no reason to assume that the state court will not give plaintiffs a fair and full opportunity to be heard on their claim that the subject funds belong to a legitimate ERISA plan.

**C. Cardinale's Request to Dismiss or Stay**

Cardinale seeks to dismiss the First Amended Complaint because the court lacks subject matter jurisdiction under Rule 12(b)(1) and the complaint fails to state a claim upon which relief may be granted under Rule 12(b)(6). Although Cardinale's arguments are somewhat difficult to follow, she seems to argue that (1) this court's remand of Cardinale's state court fraud action deprived the court of subject matter jurisdiction as to any other action claiming that the subject

funds are exempt from execution, and (2) that various abstention doctrines prevent this court from granting the requested relief.

Cardinale's first argument is without merit. Although Knapp and Lavoie may be engaged in forum shopping, this court's holding that the state court has jurisdiction to determine Knapp's ERISA exemption claim does not necessarily preclude concurrent jurisdiction by this court of plaintiffs' affirmative claim for a declaration that the Plan is an ERISA plan. *See* Remand Order, *Cardinale v. Miller*, Dkt. No. 43.

Cardinale's second contention is that this court should dismiss or stay the federal proceedings based on various abstention related doctrines including the Anti-Injunction Act, the Rooker-Feldman Doctrine, and the Colorado River Doctrine.

Multiple proceedings alone are not grounds to dismiss because "overlapping or even identical federal and state court litigation may proceed simultaneously, limited only by doctrines of abstention and comity." *Noel v. Hall,* 341 F.3d 1148, 1159 (9th Cir. 2003). The Supreme Court has recognized that this may be inefficient, but our system may require it. *See Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 524 (1986).

### 1. Anti-Injunction Act

Under the Anti-Injunction Act, federal courts "may not grant an injunction to stay proceedings in a State court." 28 U.S.C. § 2283. There are three situations in which Congress allows federal courts to enjoin state courts: (1) "as expressly authorized by Act of Congress," (2) "where necessary in aid of its jurisdiction," and (3) "to protect or effectuate its judgments." *Id.*

Knapp and Lavoie argue that the Anti-Injunction Act does not bar their request for a preliminary injunction because Congress expressly authorized it. They claim that section 502(a)(3) of ERISA, which allows a "participant, beneficiary, or fiduciary" to bring a civil action in federal court "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan" is an express authorization by Congress. 29 U.S.C. § 1132(a)(3). They also argue that because the state court action was against Knapp in his individual capacity while he brings the federal action in his role as trustee for the Plan he is not in privity with the defendant in the state court action and thus the Act does not apply. Each of plaintiffs' arguments is addressed below.

Case No. C-12-05076-RMW  
SW

- 6 -

The circuits have split on whether ERISA contains an express authorization exempting it from the Anti-Injunction Act. *Compare Employers Res. Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1131 (4th Cir. 1995) (no express authorization); *1975 Salaried Ret. Plan for Eligible Employees of Crucible, Inc. v. Nobers*, 968 F.2d 401, 410 (3d Cir. 1992) (same); *Total Plan Services v. Texas Retailers Association*, 925 F.2d 142, 144, 145 n. 2 (5th Cir.1991) (same) *with Gilbert v. Burlington Industries*, 765 F.2d 320 (2nd Cir. 1985) (ERISA does contain an express authorization); *General Motors Corp. v. Buha*, 623 F.2d 455 (6th Cir.1980) (same). The parties have directed the court to only one California district court case addressing the issue, which concluded after a short, purely statutory analysis that Congress authorized injunctions of state courts under ERISA. *See AT&T Mgmt. Pension Plan v. Tucker*, 902 F. Supp. 1168, 1173 (C.D. Cal. 1995).[3]

The circuit court opinions finding no express authorization are more convincing. The Supreme Court has held that courts must construe the exceptions to the Anti-Injunction Act narrowly. *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 287 (1970). Courts may not ignore the Anti-Injunction Act to "to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area pre-empted by federal law, even when the interference is unmistakably clear." *Id.* at 294. The Court held that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Id.* at 297.

In *Mitchum v. Foster*, a leading case on the applicability of the Anti-Injunction Act, the Supreme Court decided that Congress expressly authorized federal courts to enjoin state courts in section 1983 actions. 407 U.S. 225, 243 (1972). Because section 1983 did not contain an explicit reference to the Anti-Injunction Act, the Court looked to the legislative history for Congressional intent. *Id.* at 242-43. From the legislative history, the Court concluded that the "very purpose of [section] 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights." *Id.* at 242. Because there was clear Congressional intent that section

---

[3] Although the Ninth Circuit has not directly addressed the issue, it has held that ERISA is not an exception to the similar Tax Injunction Act, which prohibits district courts from enjoining state tax collection where it can be resolved in state courts. *Chase Manhattan Bank, N.A. v. City & Cnty. of San Francisco*, 121 F.3d 557, 558-59 (9th Cir. 1997).

ORDER RE MTD AND PI
Case No. C-12-05076-RMW
SW
- 7 -

1983 was supposed to allow federal courts to enjoin state courts, the Supreme Court found that the Anti-Injunction Act did not apply. *Id.* at 242-43.

Here, plaintiffs have not provided any evidence of Congressional intent other than the wording of the statute itself. The circuit courts that have examined the legislative history have found no evidence that Congress intended to allow federal courts to enjoin state courts. *See 1975 Salaried Ret. Plan*, 968 F.2d at 410; *Employers Res. Mgmt.*, 65 F.3d at 1131 (finding Congress did not enact ERISA because "state courts were being used to harass and injure individuals" as was the case for section 1983); *U.S. Steel Corp. Plan for Employee Ins. Benefits*, 885 F.2d at 1177 (finding no "indication that Congress intended to authorize injunctions against state courts"). There is no indication that Congress distrusted state courts to decide ERISA issues as it did in 1983 claims. In fact, Congress gave state courts concurrent jurisdiction over parts of ERISA suggesting confidence in the state courts abilities to resolve ERISA issues. 29 U.S.C. § 1132(e)(1); s*ee also U.S. Steel Corp. Plan for Employee Ins. Benefits,* 885 F.2d at 1177.

More recent circuit court opinions also call into question the continued validity of the Second and Sixth Circuit opinions finding express authorization. The most recent opinion considered all of the prior circuit court precedent and found the Second and Sixth Circuits arguments for express authorization unpersuasive. *Employers Res. Mgmt.*, 65 F.3d at 1133. It noted that that the Second and Sixth Circuits opinions assumed that ERISA should be treated the same as section 1983 without considering the reasoning behind the Court's decision in *Mitchum. Id.* The later circuit opinions have also questioned the reasoning of the two opinions finding express authorization. The Third Circuit considered the Sixth Circuit opinion "questionable" while the Firth Circuit rejected it. *1975 Salaried Ret. Plan*, 968 F.2d at 410; *Total Plan Services v. Texas Retailers Association*, 925 F.2d 142, 144, 145 n.2 (5th Cir.1991).

Because there is no reason why the state courts cannot fairly apply ERISA and there is no express exemption to the Anti-Injunction Act apparent in the text of the law or clear Congressional intent in the legislative history, the court finds the Anti-Injunction Act applies to prohibit a federal district court from enjoining a state court under ERISA.

In order for the Anti-Injunction Act to apply, the plaintiffs in the federal case must not be "strangers to the state court proceeding." *See Imperial Cnty., Cal. v. Munoz,* 449 U.S. 54, 59 (1980). The Anti–Injunction Act does not apply to claims seeking a federal injunction brought by someone "who is not a party to state proceedings, nor in privity with a party." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 879 (9th Cir. 2000). Privity under the Anti-Injunction Act has the same meaning it does in collateral estoppel cases. *Id.* Where the cases and the parties are "intimately linked," however, the Act can still apply because "identicality of claims or parties is not the touchstone of the [Anti-Injunction] Act." *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 805 (9th Cir. 2002) (applying the Act where the plaintiffs in federal court were a subset of the defendants in the state action).

Knapp, as trustee, and Lavoie argue that they were not in privity with Knapp, as an individual, in the state court action. Knapp, as trustee, however, has appeared in and is now litigating as a third party claimant in the state court action. Lavoie, as a purported beneficiary, is represented by Knapp, as trustee, and, therefore, bound by the trustee's action. *See* Restatement (Second) of Judgments § 41. Further, courts have found that a close relationship between the parties, substantial participation, tactical maneuvering, and representation by the same counsel, all factors present here, support a finding of virtual representation. *See Headwaters*, 399 F.3d at 1053; *Irwin*, 370 F.3d at 931.

The Anti-Injunction Act applies to prevent this court from issuing at this time any injunction restraining the state court or Cardinale from enforcing the state court judgment. However, since the state court has not yet made a decision on the nature of the funds in the First Republic account, there is no state court judgment that currently has a preclusive effect barring the federal court proceedings.

### 2. Rooker-Feldman Doctrine

The Rooker-Feldman Doctrine bars district court review of state judgments. The doctrine only applies if the state court's ruling "constitutes the final determination of an issue." *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 604 n.1 (9th Cir. 2005). Here, no judgment exists in

state court that finally determines the third party claim of Knapp as trustee or resolves the post-judgment issue of whether the Plan is an ERISA plan.

### 3. Colorado River Doctrine

The Colorado River Doctrine allows abstention where a state case raises identical issues in the interest of "wise judicial administration." *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 815 (1976). The doctrine, however, only applies in "exceptional circumstances" because district courts have a "virtually unflagging obligation" to "exercise the jurisdiction given them." *Id.* at 818. After considering the relevant factors, *see R.R. St. & Co. Inc. v. Transp. Ins. Co.,* 656 F.3d 966, 978-79 (9th Cir. 2011), the court does not find that they favor abstention. In particular, although state courts can decide federal law issues, dismissing a federal claim involving application of ERISA would appear inappropriate under the Colorado River Doctrine.

## C. Evidentiary Objections

Both parties filed evidentiary objections, but the court's conclusions do not rely on the challenged documents. Therefore, the court does not need to resolve the objections.

## D. Discovery Dispute

The court has received correspondence from the parties as to discovery scheduling issues. The Federal Rules do not permit discovery until the parties have conferred. Fed. R. Civ. Proc. 26(d)(1). There is no indication that the parties have conferred and agreed upon a discovery plan, although the correspondence from Cardinale's counsel hopefully indicates that the parties are now communicating on discovery scheduling issues. This court, however, does not control discovery permitted by the state court in the remanded action. It would make sense, however, to only take needed depositions once so the parties are encouraged to agree that any discovery in the state action can be used in this federal case. The court, however, questions the wisdom of proceeding in both forums. The parties are to submit an agreed upon discovery plan within fifteen days of this order and, if they cannot agree, a joint plan with alternative paragraphs where there is disagreement.

### III. ORDER

The court DENIES Knapp's motion for preliminary injunction. The court DENIES Cardinale's motion to dismiss plaintiffs' claims in this court. A joint discovery plan is to be submitted within fifteen days.

Dated: July 15, 2013

RONALD M. WHYTE
United States District Judge

ORDER RE MTD AND PI
Case No. C-12-05076-RMW
SW

- 11 -