UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEITH CHARLES KNAPP, as Trustee of the California Home Loans Profit Sharing Plan; TRUST FOR THE CALIFORNIA HOME LOANS PROFIT SHARING PLAN, as a fiduciary of the California Home Loans Profit Sharing Plan; THERESE A. LAVOIE, as a participant in the California Home Loans Profit Sharing Plan,<br><br>Plaintiffs,<br><br>v.<br><br>NOREEN CARDINALE, an individual,<br><br>Defendant. | Case No. C-12-05076-RMW<br><br>**ORDER GRANTING MOTION TO REFER ACTION TO BANKRUPTCY COURT**<br><br>[Re Docket No. 123] |

Plaintiffs move to refer this case to the United State Bankruptcy Court pursuant to 28 U.S.C. § 157(a), Rule 5011-1(b) of the Bankruptcy Local Rules for the Northern District of California, and General Order No. 24 of the United States District Court for the Northern District of California. The court finds this matter suitable for submission without oral argument. Civil Local Rule 7-1(b). For the reasons explained below, the court grants the motion to refer.[1]

## I. BACKGROUND

Plaintiff Keith Charles Knapp ("Knapp"), the trustee of the purported California Home Loans Profit Sharing Plan ("Plan"), and plaintiff Therese Lavoie, a participant in the purported Plan,

---

[1] The court also takes judicial notice of the fact of Mr. Knapp's bankruptcy filing, but not the truth of the content of those filings.

ORDER REFERRING ACTION
Case No. C-12-05076-RMW
LRM
- 1 -

brought this lawsuit under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), for "Injunctive and Other Appropriate Equitable Relief and Declaratory Relief" against Noreen Cardinale, a state judgment creditor of Knapp and California Home Loans.

After this suit was filed, Knapp, as an individual, filed for bankruptcy under Chapter 7 of the Bankruptcy Code. U.S. Bankruptcy Court, N.D. Cal., Case No. 14-50551 ASW ("Bankr. Dkt."). One issue in the bankruptcy case is whether the funds contained within the Plan are part of Knapp's bankruptcy estate.

## II. ANALYSIS

### A. Legal Standard for Referral

> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a). General Order No. 24 of the United States District Court for the Northern District of California also provides that "[t]his court hereby refers to the bankruptcy judges of this district all cases under title 11, and all proceedings arising under title 11 or arising in or related to cases under title 11." Where an action in the district court is commenced prior to the filing of the bankruptcy case, an order from the district court is required to refer the case to the bankruptcy court. *See* Bankr. L. R. 5011-1(b).

### B. Referral to the Bankruptcy Court is Appropriate

First, this case is at least "related to" Knapp's bankruptcy proceeding, as the outcome of the ERISA determination will impact whether or not Knapp's individual creditors, including Cardinale, can collect on the Plan funds.[2] *See McGuire v. United States*, 550 F.3d 903, 911-12 (9th Cir. 2008) ("A civil proceeding is 'related to' a title 11 case if 'the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.'") (citation omitted); *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988). Therefore, it is possible to refer the case under 28 U.S.C. § 157(a).

---

[2] The court need not decide whether this case is a core proceeding, as the bankruptcy court will make that determination. 28 U.S.C. § 157(b)(3).

ORDER REFERRING ACTION
Case No. C-12-05076-RMW
LRM

- 2 -

Second, efficiency supports referring the case to the bankruptcy court. Plaintiff suggests applying the factors governing withdrawal of a case from the bankruptcy court to the district court when evaluating whether referral is appropriate. *See* Dkt. No. 123 at 5-6 (citing cases discussing withdrawing a reference from bankruptcy court). These factors include "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002) (citations and quotations omitted).

Here, efficiency is the factor that most supports referral.[3] Although the plaintiff suggests that there is a risk of inconsistent rulings from this court and the bankruptcy court, that is not the case. Any decision by this court as to the ERISA status of the Plan would be binding on the bankruptcy court. It is also unlikely that the bankruptcy court would hold proceedings to determine the ERISA status of the Plan if this case proceeded on its current schedule, with a trial scheduled for December 8, 2014. *See* Dkt. No. 128. Nonetheless, the bankruptcy court must also decide whether the Plan is exempt from collection under the private retirement plan exemption available under California Code of Civil Procedure § 704.115. The evidence needed to evaluate that exemption is likely to overlap with the ERISA evidence, such as information relating to Plan documents and management. Therefore, it is more efficient to have one court consider all issues related to whether Plan is a part of Knapp's bankruptcy estate and whether it is otherwise exempt from execution in a single proceeding. That proceeding should be in Knapp's personal bankruptcy.

Because Cardinale does not consent to the referral, *see* Dkt. No. 126 (Opp'n), the referral is under 28 U.S.C. § 157(c)(1), which will require the bankruptcy court "to submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and

---

[3] Cardinale's arguments on delay are not persuasive. Cardinale is the party who has been requesting a stay throughout this case. Dkt. Nos. 38, 100, 101. This case could have proceeded to trial in July 2014 or possibly earlier if Cardinale had not moved to stay or continue the case. Dkt. No. 61 (First Scheduling Order); Dkt. No. 91 (Stipulation continuing trial to April 21, 2014); Dkt. No. 97 (Continuing trial to July 2014). The court does appreciate that Knapp individually and as the purported trustee of the Plan has maneuvered to have the pending dispute resolved in federal court and these efforts have contributed to delay in finalizing the state proceedings, and caused Cardinale to expend significant funds in trying to collect on the state judgment. If it turns out that Knapp has acted in bad faith, Cardinale can seek sanctions from this court under 28 U.S.C. § 1927 or from the bankruptcy court under its inherent authority.

ORDER REFERRING ACTION
Case No. C-12-05076-RMW
LRM
- 3 -

after reviewing de novo those matters to which any party has timely and specifically objected," should the bankruptcy court decide that the ERISA determination is not a core proceeding.

Finally, Ms. Lavoie's presence in the case does not defeat referral. The entire ERISA declaratory judgment action is at least "related to" Mr. Knapp's bankruptcy, as it "could conceivably have any effect on the estate being administered in bankruptcy." *McGuire*, 550 F.3d at 911-12. The fact that Ms. Lavoie is not a creditor to Mr. Knapp does not defeat referral jurisdiction. The leading Ninth Circuit case on the issue is *Kaonohi Ohana, Ltd. v. Sutherland*, 873 F.2d 1302 (9th Cir. 1989). There, the debtor breached a land-sale contract with plaintiff and instead sold to another buyer, Sylvester Stallone. *Id.* at 1304. The plaintiff then instituted an adversary action in the debtor's bankruptcy for specific performance against Stallone. *Id.* at 1304–05. Even though debtor was not the defendant in that action, the Ninth Circuit held that it was "related to" the bankruptcy because specific performance against Stallone would reduce the amount of contract damages due to plaintiff. *Id.* at 1307. The adversary action therefore would have a significant effect on the bankruptcy proceeding. *Id.* Similarly here, a declaration in Ms. Lavoie's favor on the ERISA status of the Plan impacts the amount of asserts in Mr. Knapp's bankruptcy estate.

Because the bankruptcy court has at least "related to" jurisdiction over this declaratory judgment action, and referral would promote efficiency, the court grants plaintiffs' motion to refer.

### III.  ORDER

For the reasons set forth above, the court grants the motion to refer.

Dated: October 1, 2014

RONALD M. WHYTE
United States District Judge

ORDER REFERRING ACTION
Case No. C-12-05076-RMW
LRM

- 4 -